**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

MEGAN LOWE,                          )
                                     )
              Movant,                )
                                     )
       v.                            )        No. 4:21-CV-864 HEA
                                     )
UNITED STATES OF AMERICA,            )
                                     )
              Respondent.            )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant Megan Lowe's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [ECF No. 1]. The United States of America responded to the Motion pursuant to the Court's Show Cause Order. Movant failed to file a traverse, and the time to do so has expired. For the reasons set forth below, the Motion will be denied.

### I. Factual Background

The factual background is set forth in the record, the Guilty Plea Agreement, and the United States of America's Response.

### II. Procedural Background

On July 11, 2019, a federal grand jury charged Movant and her co-defendant, Kimberly Ann Basler, with one count of Distribution of a Controlled Substance Resulting in Death (Count I) and one count of Distribution of a Controlled Substance

Resulting in Serious Bodily Injury (Count II).   Attorney Gregory M. Smith was appointed to represent Movant.   On October 30, 2019, Movant waived her right to file pretrial motions.

The matter was scheduled for trial on February 18, 2020. Following numerous continuances necessitated by the COVID-19 pandemic, the matter was scheduled for a combined plea and sentencing hearing in January 2021.   On December 29, 2020, Movant filed an Acceptance to Presentence Investigation Report indicating that she had no objections to the contents of the report. The Probation Office filed the Final Presentence Investigation Report on December 30, 2020.

The combined plea and sentencing hearing occurred on January 6, 2021. The plea was offered in conjunction with a signed Guilty Plea Agreement containing the terms and conditions of the negotiated settlement. The plea was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and provided that, in exchange for Movant's plea of guilty to Distribution of a Controlled Substance, a lesser included offense in Count II, the government would move to dismiss Count I in its entirety. Both parties agreed that, at the time of sentencing they would jointly recommend a sentence of 168 months. Movant acknowledged that this disposition "confers upon her the benefit of eliminating the 20-year mandatory minimum sentence that would be required if she were to be convicted of either of the two offenses charged in the Indictment." (4:19-CR-533 HEA, ECF No. 100 at 2).

2

At the time of the combined hearing, the Court engaged Movant in a lengthy colloquy. Movant, who was under oath, confirmed that she was satisfied with the representation she received from her attorney, understood the consequences of pleading guilty, and had reviewed and understood the terms of the Guilty Plea Agreement. The Court reviewed the rights Movant was waiving by pleading guilty. More specifically, the Court advised Movant of her right to a trial by jury, the presumption of innocence, the government's burden of proof, her right to confrontation and cross-examination, her right to present evidence on her own behalf, and her right to testify on her own behalf.   Movant was also informed that if she chose not to testify on her own behalf at trial, her failure to testify could not be used against her for any purpose. Movant acknowledged that by pleading guilty, she would waive her right to a trial, along with her right against self-incrimination. Following review of her rights, Movant expressed a desire to waive those rights and enter a plea of guilty.

At the combined hearing, Movant affirmed that she had reviewed the indictment and understood its contents. She indicated that she had no questions about the indictment and acknowledged that she was aware of the range of punishment. Counsel for the government summarized the ranges of punishment for the offenses as charged in the Indictment and distinguished those from the penalty for the lesser-

included offense to which she was permitted to plead. Movant indicated that she was not surprised by the government's recitation of the statutory penalties.

Movant also indicated that she had reviewed the Guilty Plea Agreement in its entirety with her attorney before signing it, and that she understood everything in the document. Counsel for the government then summarized the terms of the Guilty Plea Agreement, specifically noting that it was offered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and that the parties would ask the Court at the time of sentencing to impose a total sentence of 168 months. The government stated that "if the Court does, in fact, sentence Ms. Lowe to a total sentence of 168 months, both Ms. Lowe and the Government waive their right to appeal." (4:19-CV-533 HEA, ECF No. 124 at 17). At the conclusion of the government's recitation of the terms of the Guilty Plea Agreement, the Court asked Movant whether she was surprised by anything the government had stated, and she responded, "no." (*Id.*)

The Court then asked the government to summarize the evidence it would have proven beyond a reasonable doubt in the event of trial. Included in that summary was the fact that "M.J. would not have died but-for the ingestion of the morphine sold to her through E.O. by Ms. Lowe." (*Id.* at 19). Movant admitted that she had heard the government's summary of the facts and acknowledged that those facts were "true and correct." (*Id.* at 19-20). Movant admitted that she was guilty of each of the elements for the crime to which she was pleading guilty and the

4

Statement of Facts as set forth in the Guilty Plea Agreement. The Court found Movant was entering the plea knowingly and voluntarily and "with a full understanding of the nature and consequences of her plea of guilty," and having "knowingly and voluntarily" waived her right to trial and all other rights attendant thereto, the Court accepted Movant's plea of guilty to Distribution of a Controlled Substance, a lesser offense necessarily included in Count II. (*Id.* at 20-21).

Prior to imposing the sentence as recommended by both parties, the Court confirmed that counsel had reviewed the Presentence Investigation Report with Movant, and that there were no objections. Movant's counsel was allowed to argue on her behalf as to the sentence. He expressed that Movant was remorseful for her conduct and asked the Court to "honor the agreement of the parties and impose a sentence of 168 months." (*Id.* at 23). The government also requested that the Court honor the parties' agreement. The Court invited Movant to speak on her own behalf, but she declined to do so. Movant neither requested a sentence less than 168 months nor expressed any objection to the request made by either her own counsel or counsel for the government. After stating that Movant had a large debt to pay for engaging in conduct that caused the death of another individual, the Court imposed a sentence of 168 months.

The Court appraised Movant of her right to file an appeal. However, the Court did inform Movant at the hearing that "[b]y virtue of [her] written plea

agreement and [her] plea on the record consistent with that, [she] had given up [her] right to appeal the sentence and judgment." (*Id.* at 28). Movant acknowledged that she understood her right to appeal and indicated that she had no questions in that regard. Movant did not appeal her conviction or sentence.

On July 15, 2021, Movant filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. Movant raises four grounds for relief in her Motion to Vacate. She claims the following: (1) her counsel was ineffective for failing to file an appeal (Ground One); (2) her conviction by guilty plea was unlawfully induced or not made voluntarily (Ground Two); (3) counsel presented her with a binding plea agreement without explaining the consequences of the plea, and she was unaware that she would not be able to address the Court for a lower sentence (Ground Three); and (4) her counsel was ineffective for failing to challenge the "but for" cause pertaining to the controlled substance, and it was never established that she alone was attributed to the crime (Ground Four).

### III.   Legal Standard

### A. Relief Under 28 U.S.C. § 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Movant bears the burden to prove that she is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

### B. Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Feather v. United States*, 18 F.4th 982, 989 (8th Cir. 2021) (cleaned up; quoted case omitted). The Court may dismiss a claim without an evidentiary hearing "when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.*

As discussed in more detail below, the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the record in this case.   Movant's allegations in her Motion to Vacate are either plainly refuted by the

record, or even if the Court were to accept them as true, Movant would not be entitled to relief. Consequently, an evidentiary hearing is not necessary in this case.

## IV.   Discussion

Movant contends her guilty plea was unlawfully induced or not voluntary, and that her counsel was constitutionally ineffective.   The Court will first address Ground Two, the voluntariness of the guilty plea, and then will turn to Movant's claims of ineffective assistance of counsel in Grounds One, Three, and Four.

### A. Movant's Plea Was Voluntary

In Ground Two of her Motion to Vacate, Movant claims her conviction "was obtained by plea of guilty [that] was unlawfully induced or not made voluntarily or with the understanding of the nature of the charge and the consequences of the plea." (ECF No. 1 at 4).   Movant, however, provides no further elaboration as to what ways her guilty plea was unlawfully induced or not made voluntary.

Movant's claim fails for the reason that it is conclusory. Movant offers no explanation of the factual basis supporting his claim.   While the Court is mindful that *pro se* pleadings must be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972); *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006), *pro se* pleadings "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court finds Movant's conclusory allegations in Ground Two are insufficient to warrant federal habeas relief. *See, e.g.,*

8

*Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001); *O'Neall v. Minor*, No. 4:17-CV-1297 AGF, 2020 WL 5517616, at *5 (E.D. Mo. Sept. 14, 2020).

That said, even if the Court were to take up Movant's claim on the merits, her allegation as to the involuntary nature of her plea is refuted by the record. First, the Guilty Plea Agreement supports a finding that the plea was not coerced. The agreement Movant signed provides as follows:

> [T]he defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty. The defendant acknowledges that the defendant has voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

(4:19-CR-533 HEA, ECF No. 100 at 11).

Second, Movant stated under oath at the combined change of plea and sentencing hearing held on January 6, 2021, that she understood the charges against her and the sentence and penalties she faced; that she was entering the plea voluntarily; and that she had not been coerced or threatened by anyone into entering a plea of guilty. Moreover, at no time during the hearing did Movant state that she was coerced into entering the Guilty Plea Agreement or that she was not guilty. She also did not state that she wished to withdraw her plea and to go to trial.

In sum, there is no evidence that Movant was either unlawfully induced or entered a guilty plea involuntarily. All the record evidence, including Movant's own

statements at the hearing, indicates that Movant entered a plea of guilty knowingly and voluntarily. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) ("the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'") (quoted case omitted); *United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995) ("the transcript of the [guilty plea] hearing shows beyond doubt that [petitioner]'s plea was not coerced, and he was aware that he was waiving certain rights, including his right to appeal the denial of his suppression motion.") (internal quotation omitted). Movant has not established that she is entitled to habeas relief based on the claim she raises in Ground Two.

## B.    Ineffective Assistance of Counsel Claims

Movant asserts ineffective assistance of counsel claims in Grounds One, Three, and Four of her Motion to Vacate.   "The standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claims." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). The Movant "must show that [her] counsel's performance was deficient and that [she] suffered prejudice as a result" to prove a violation of her Sixth Amendment rights. *Id.*

As the Eighth Circuit has instructed:

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011). "*Strickland* sets a high bar for unreasonable assistance." *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.*

"Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States*, 966 F.3d 764, 770–71 (8th Cir. 2020) (cleaned up).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed, *Anderson v. United States*, 393 F.3d 749, 753 (8th Cir. 2005), and the burden of demonstrating ineffective assistance of counsel is on the Movant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003).

### 1. Ground One

In Ground One of her Motion, Movant asserts her attorney was ineffective for failing to file a notice of appeal. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). An attorney's "failure to do so cannot be considered a strategic decision; filing a notice of appeal

11

is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Id.*    In general, to prevail on an ineffective assistance of counsel claim, a petitioner must show both deficient performance by counsel and prejudice to the defense caused by that performance. *See Strickland*, 466 U.S. at 687.    However, when an attorney fails to file an appeal after being specifically instructed to do so by his or her client, no inquiry into prejudice or likely success on appeal is necessary. Prejudice is presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken," *Flores-Ortega,* 528 U.S. at 484, even when the defendant waived his or her right to appeal in a plea agreement. *Garza v. Idaho*, 586 U.S. 232, 247 (2019).

Movant states in her Motion to Vacate the following: "After sentencing, I asked [my counsel] to file 'something' to help me, but he didn't file anything on my behalf."[1] (ECF No. 1 at 4). Notably, Movant does not state that she asked her attorney to file an appeal. Asking an attorney to file "something" is ambiguous and vague and could have been interpreted to be requesting a number of things. Further, in light of the fact that the Court explicitly informed Movant that she had waived her right to file an appeal in the Guilty Plea Agreement, it does not logically flow that

---

[1] Movant's § 2255 motion was signed under penalty of perjury. Further, because an evidentiary hearing is not being held in this matter, the Court accepts Movant's factual statements in her Motion to Vacate as true to the extent that they are not plainly contradicted by the record in the case. *Feather*, 18 F.4th at 989.

she intended "something" to be a notice of appeal.   The Court finds Movant has not shown that "[s]he made [her] desire to appeal evident to [her] attorney." *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). *See also Barger v. United States*, 204 F.3d 1180, 1181–82 (8th Cir. 2000) (to succeed on claim that counsel was ineffective for failing to file appeal, desire to appeal must be manifest).

Moreover, the Government presented evidence that Movant did not ask her attorney to file an appeal.   The Government attached to its response an affidavit signed by Movant's counsel, Gregory Smith.   Mr. Smith attests that at no point prior to or after the combined guilty plea and sentencing hearing did Movant request that he file a notice of appeal on her behalf.   (ECF No. 3, Ex. at 2-3).   This averment is unopposed, is not inconsistent with Movant's sworn statement, and the Court finds it credible.

Consequently, this case is a case "where the defendant neither instruct[ed] counsel to file an appeal nor ask[ed] that an appeal not be taken."   *Flores-Ortega*, 528 U.S. at 478.   The Court must therefore determine whether counsel consulted with Movant about an appeal and, if not, whether the failure to consult was unreasonable. *Parsons v. United States*, 505 F.3d 797, 799 (8th Cir. 2007).

There is no evidence in the record as to whether Mr. Smith consulted with Movant about filing an appeal. For the purposes of this opinion, the Court will assume that Movant's counsel did not consult with her regarding an appeal.   The

lack of consultation, however, does not necessarily result in a finding that Movant's counsel's performance was deficient, as the Supreme Court has declined to adopt a bright-line rule. *Flores-Ortega*, 528 U.S. at 478. Instead, the Court must determine whether under the circumstances counsel's failure to consult with Movant about an appeal was unreasonable. *Id.* The Court is to consider factors such as whether the defendant pleaded guilty, whether she received the sentence bargained for, and whether she expressly waived some or all of her rights to appeal. *Id.*

The case is almost identical to the example given in *Flores-Ortega* of when a consultation is not necessary. *Id.* There is evidence that Movant conferred with her attorney, who negotiated and advised her regarding the terms of the Guilty Plea Agreement; Movant was counseled regarding the effect of the waiver on her right to appeal; Movant voluntarily entered into the Guilty Plea Agreement knowing its terms; Movant pleaded guilty; the Court sentenced Movant to the parties' agreed-upon sentence; Movant did not request her counsel to file an appeal; and counsel concluded there was no basis for an appeal. It is apparent that Movant is unhappy about the length of the sentence she received after the fact, but she knew the sentence she was facing, was counseled about terms of the Guilty Plea Agreement, and entered a voluntary plea with the agreed-upon sentence after having been informed of the alternatives. Furthermore, she received the sentence for which she bargained. Under these circumstances, the Court finds a rational defendant would not have

14

asked for an appeal, and that counsel was not ineffective for failing to consult with Movant about an appeal. *Flores-Ortega*, 528 U.S. at 484. Movant has not established that she is entitled to habeas relief based on the claim she raises in Ground One.

### 2. Ground Three

In Ground Three of her Motion to Vacate, Movant claims that her attorney was ineffective because he "presented Defendant Lowe with a 'binding' plea agreement pursuant to Rule 11(c)(1)(C) without explaining the consequences of the plea." (ECF No. 1 at 4). Movant further states that she was unaware that she would not be able to address the Court for a lower sentence.

A defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010). During plea negotiations defendants are "entitled to the effective assistance of competent counsel." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quotation omitted). The *Strickland* standard applies to claims based upon allegations of ineffective assistance of counsel during the plea-bargaining process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy the second prong's "prejudice" requirement, the Movant must show "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. In other

words, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 162.

Once again, Movant's claim in Ground Three is not supported by the record in this case and is contrary to the statements she made at the combined change of plea and sentencing hearing.   First, Movant acknowledged in the signed Guilty Plea Agreement that she was satisfied with her counsel's representation.

> The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

(4:19-CR-533 HEA, ECF No. 100 at 10).   Further, Mr. Smith states in his affidavit that he discussed the written Guilty Plea Agreement with Movant in its entirely prior to her signing it.   (ECF No. 3, Ex.1 at 2).

Second, during questioning by the Court, Movant repeatedly acknowledged that her attorney had fully reviewed the Guilty Plea Agreement with her before she signed it. The transcript of the hearing provides:

> The Court:  Now, Ms. Lowe, have you had the opportunity to meet with your lawyer and talk about your case?
>
> Movant:    I have had several calls, and with everything going on and me being sick, I wasn't able to make it down there, but we discussed things very well and I understand.

The Court:   All right. Are you satisfied that you have had sufficient time and opportunity to meet with your lawyer and talk with him about your case?

Movant:      Yes.

The Court:   All right. And during those occasions, did your lawyer advise you regarding your case?

Movant:      Yes.

The Court:   Are you satisfied with all of the advice that your lawyer gave you?

Movant:      Yes.

The Court:   Has your lawyer answered all of your questions fully, completely, and to your satisfaction?

Movant:      Yes.

The Court:   Is there anything that you wanted to know or that you needed to know about your case that still confuses you?

Movant:      No.

The Court:   Is there anything about your case that you still do not understand?

Movant:      No.

(4:19-CV-533 HEA, ECF No. 124 at 7-8).

Moreover, during the hearing, the government explained on the record that the parties "will ask the Court at the time of sentencing to impose a total sentence of 168 months," further explaining that if "the Court declines to impose a sentence of

168 months, both the Government and Ms. Lowe would have the right to withdraw from this guilty plea." (*Id.* at 16-17).   Movant indicated that she had no questions about this or other terms of the plea.   At the conclusion of the government's recitation of the terms of the Guilty Plea Agreement, Movant was asked whether she was surprised by anything the government had stated, and she responded, "no." (*Id.* at 17). At no time did Movant attempt to withdraw her guilty plea.   All of this belies Movant's contention that her attorney failed to explain the consequences of the plea.

As for Movant's claim that she was "unaware that she would not be able to address the Court for a lower sentence," (ECF No. 1 at 5), it is, again, not supported by the record.   At the hearing the Court explicitly asked Movant if she would like to address the Court about her sentence, and she declined. (4:19-CV-533 HEA, ECF No. 124 at 24).

Finally, as to the second prong of *Strickland*, Movant has not asserted that but for her counsel's supposedly deficient performance, she would not have pleaded but would have proceeded to trial.   *United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007); *United States v. Nesgoda*, 559 F.3d 867, 870 (8th Cir. 2009). The record is devoid of any suggestion that Movant ever attempted to withdraw her plea. Movant has not established that she is entitled to habeas relief based on this claim.

### 3.  Ground Four

In Ground Four of her Motion to Vacate, Movant claims that her attorney "failed to challenge the 'but for' clause pertaining to the controlled substance distributed by the defendant."  (ECF No. 1 at 4).  She claims that "[i]t was never established or revealed to defendant Lowe that she – and she alone attributed to the stated crime."  (*Id.*)

It is unclear from Movant's allegations in Ground Four exactly what she is claiming her counsel failed to do or should have done that was ineffective. At the combined hearing, when asked what evidence would have been presented to establish Movant was guilty beyond a reasonable doubt had she gone to trial, counsel for the government did state the following:

> E.O. took that morphine that had been sold to him by Ms. Lowe and ingested it.  He additional shared that morphine with his finance, M.J. … M.J. died as result of ingesting that morphine and E.O. suffered serious bodily injury.  … [T]he medical evidence had this matter proceeded to trial would have proven beyond a reasonable doubt that *M.J. would not have died but-for the ingestion of the morphine sold to her through E.O. by Ms. Lowe.*

(4:19-CV-533 HEA, ECF No. 124 at 7) (emphasis added).   Based on the record and her allegations, it appears Movant is claiming in Ground Four that her counsel should have challenged this statement by the government.

To the extent Movant is claiming that her counsel should have argued that the government's evidence was insufficient to establish that the morphine she sold

resulted in the victim's death, her argument is not supported by the record. Based upon the record in this case, the Office of the Medical Examiner in Columbia, Missouri determined M.J.'s cause of death was "combined morphine and clonazepam intoxication." (4:19-CR-533 HEA, ECF No. 96 at 5).  It was noted in the report that "the level of 7-amino clonazepam, an active-metabolite of clonazepam, *is not elevated*, but this drug can be dangerous *in combination with opioids*." (*Id.* at 5-6) (emphasis added).

The fact that the victim had another drug in her system does not mean that the morphine did not cause her death. As the Eighth Circuit has explained, "[t]he drugs [defendant] distributed did not need to be the *sole* cause of injury or death; the drugs needed only to be one link in the chain of events necessary for the injury or death to occur." *United States v. Cathey*, 997 F.3d 827, 834 (8th Cir. 2021) (emphasis in original).  Here, the medical examiner's report noted that an active metabolite of clonazepam was not elevated in M.J.'s system.  The medical examiner concluded that the clonazepam by itself was not the cause of the victim's death, but rather that the clonazepam in combination with the morphine was fatal and the cause of death. In other words, M.J.'s ingestion of morphine resulted in her death.  *United States v. Myers*, 965 F.3d 933, 937–38 (8th Cir. 2020) ("Causation can be proven 'if the predicate act combines with other factors to produce the result, so long as the other factors alone would not have done so.'") (quoting *Burrage v. United States*, 571 U.S.

20

204, 211 (2014)). *See also United States v. Lewis*, 895 F.3d 1004, 1010 (8th Cir. 2018) ("At a minimum, the evidence established that, without the incremental effect of furanylfentanyl in the heroin, [the victim] would have lived ...."). Based on the record, the Court finds there was no basis for Movant's counsel to have challenged the "but for" clause of M.J.'s death, and Movant points to no evidence to suggest that a separate investigation into M.J.'s cause of death would have reached a different conclusion.

As for Movant's contention that "[i]t was never established or revealed to Lowe that she – and she alone attributed [sic] to the stated crime," the government was not required to show that Movant acted alone in distributing drugs to the victims. *See* 18 U.S.C. § 2 ("(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal; (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."); *Cathey*, 997 F.3d 827, (affirming convictions for Distribution of a Controlled Substance Resulting in Serious Bodily Injury where the defendant distributed drugs to an intermediary who distributed the same drugs to multiple victims). To the extent Movant is claiming that her counsel was ineffective for failing to object to the fact that the government could not show

21

Movant was responsible for distributing a controlled substance that resulted in death, her claim is without merit.

As for the second prong of *Strickland*, again, Movant has not proven or even claimed that but for her counsel's supposedly deficient performance, she would not have pleaded guilty but that she would have proceeded to trial. *Davis*, 508 F.3d at 463; *Nesgoda*, 559 F.3d at 870.   As discussed above, Movant has never expressed a desire or moved to withdraw her plea.   Movant has not established that she is entitled to habeas relief based on the claim she raises in Ground Four.

### *V. Conclusion*

Based upon the foregoing analysis, Movant is not entitled to relief. Movant's motion will be denied in its entirety.

### *VI.   Certificate of Appealability*

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *Id.* § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a

constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [Movant must show], at least, that jurists of reason would find it debatable whether the Movant states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).   Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Megan Lowe's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**   [ECF No. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 12th day of September, 2024.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE